## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | Chapter 12 |
| JAMES EDWIN OLLIS | Case No. 18-04549 |
| Debtor. | |

### OBJECTION TO CONFIRMATION OF
### DEBTOR'S PLAN OF REORGANIZATION

Rabo AgriFinance LLC objects to confirmation of the Debtor's Plan and shows the court as follows:

#### *Introduction*

The Debtor's Plan of Reorganization cannot be confirmed because it was not proposed in good faith, violates provisions of Chapter 12. It addition, it does not pay unsecured creditors as much as they would receive under a liquidation of the Debtor's assets and the Plan is not feasible. Therefore, Rabo requests that confirmation of the proposed plan be denied.

#### *Objections*

1.      The Plan should not be confirmed because it does not comply with the provisions of Chapter 12 as required by Section 1225(a)(1) of the Bankruptcy Code.

2.      The Plan cannot be confirmed because it has not been proposed in good faith as required by Section 1225 (a)(3) because, among other things, the Debtor proposes and projects administrative claims in the amount of $85,212.52 to be paid from funds that would otherwise go to unsecured creditors. The Debtor's counsel projects attorney's fees not to exceed $15,000.00 and there is no explanation as to what the other $70,000.00 in administrative claims represents.

3.      In addition, the Debtor has not brought a lien avoidance action against Dorothy Simmons, an insider, who tried to undo her mortgage satisfaction document.  Failing to avoid this lien effectively shelters up to $357,583.00 from payment to the unsecured creditors.

4.      Additionally, the Debtor has done nothing to avoid the judgment lien of Solvi Loining, which shelters approximately $200,000.00 from unsecured creditors.

5.      Also, the Debtor is attempting to skate through bankruptcy, maintaining two residences while the unsecured creditors receive less than 1% return on their claims.  Rabo has objected to Debtor's exemptions.

6.      Rabo holds a perfected security interest on essentially all of the Debtor's assets. The Plan cannot be confirmed because (a) it violates § 1225(a)(B(i) and (ii) because Rabo's treatment does not include payment for the secured portion of its claim (specifically related to the value of equipment and hay but also including any other secured assets that the Debtor may hold), and (b) because of this secured interest, the Debtor has no unencumbered assets from which to fund a plan.

7.      The Plan cannot be confirmed because the unsecured creditors will not receive as much as they would under a liquidation of the Debtor's non-exempt, unencumbered or under encumbered assets as required under Section 1225(a)(4).

8.      The Plan cannot be confirmed because there is no historical data to support the Debtor's projection that it will be able to fund payments in the amount of $9,017.00 and $9,572.00.  In fact, the projected income from Cattle and Quail of $125,355.00 is not supportable.

9.      The quail operation was started as a school project for the Debtor's son and the Debtor has no experience or historical numbers to support any projection.

10.     The Debtor has agreed to surrender cattle to Rabo and has no means to purchase additional cattle, or pay other farm expenses and make the plan payments.

11.     These payments can only be made through contribution of a substantial amount of the wife's income and the wife agreeing to make certain additional payments outside the plan.

12.     Rabo reserves its right to raise further objections at the time of a hearing on this matter.

13.     The Plan is not feasible and should not be confirmed.

WHEREFORE, Rabo prays that this Court deny confirmation of the proposed plan of reorganization and for such other and further relief as this Court deems just and proper.

DATED:  December 19, 2018
Charlotte, North Carolina

/s/Constance L. Young
Constance L. Young
South Carolina State Bar No. 100432
(Federal I.D. No. 11379)
WOMBLE BOND DICKINSON - US
301 South College Street
Suite 3500
Charlotte, North Carolina 28202
Tel:  (704) 331-4972
*Attorney for Rabo AgriFinance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing *Motion for Relief from Stay* was served by electronic notification on those parties registered with the United State Bankruptcy Court, District of South Carolina ECF system to receive notice for this case, and via USPS on the parties on the attached mailing matrix:

James Edwin Ollis
2450 Garden Road
Ware Shoals, SC 29692
*Via USPS*

Alecia J. Compton
Attorney for James Edwin Ollis
*Via CM/ECF*

J. Kershaw Spong
Chapter 12 Trustee
*Via CM/ECF*

United States Trustee
District of South Carolina
*Via CM/ECF*


Date:   December 19, 2018.
         Charlotte, North Carolina


/s/  Janice Phillips               ___
Janice Phillips, Legal Practice Assistant to
Constance L. Young
WOMBLE BOND DICKINSON – (US) LLP