IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:                              )
                                    )
James Edwin Ollis,                  )           Chapter 12
                                    )           Case No.: 18-04549
           Debtor.                  )
_____ )

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 12 PLAN**

Comes now The Commercial Bank (hereinafter "Bank"), a secured creditor of the above-named Debtor, and hereby submits this Objection to Confirmation of the Debtor's Chapter 12 Plan filed on December 3, 2018 (hereinafter the "Plan") as follows:

**OBJECTIONS TO TREATMENT OF THE BANK'S CLAIMS**

(1)   **Claim No. 10**: The Bank Objects to Section III(b)(2)(ii) of the Plan - *Secured Portion of Claims Altered by Valuation and Lien Avoidance* - in the following particulars:

   a. <u>Valuation of 2011 John Deere 6430 VIN# 1L0643XTBH687980</u>: The Plan values the Bank's interest in the 2011 John Deere 6430 VIN# 1L0643XTBH687980 (hereinafter "Tractor") to be $0.00. The Bank is informed and believes that the fair market value of the Tractor is much greater than $25,000.

   b. <u>Improper Treatment of Claim No. 10</u>: Both The Commercial Bank and Farm Bureau Bank filed Proof of Claims asserting a security interest in the Tractor. As evidenced by the UCC Financing Statements attached to the respective claims of Farm Bureau Bank (Claim No. 8) and the Bank (Claim No. 10), The Commercial Bank has the 1st lien on the Tractor. Yet, the Plan provides for payment of Farm Bureau Bank on the Tractor as the 1st lien holder. The Plan mischaracterizes the interest of the Bank in the Tractor as that of a 2nd lien holder and improperly proposes payment of its claim as unsecured.

   c. <u>Payment of Claim No. 10</u>: As the 1st lien holder on the Tractor, the Bank objects to any proposed payment under the Plan of its secured Claim No. 10 which would fail to pay the amount of the claim in full. As evidenced by the loan documents attached to Claim No. 10, the obligation that is the subject of the claim is an obligation of the Debtor and his wife, Nancy P. Ollis. Accordingly, Debtor's wife is a co-debtor within the meaning of 11 U.S.C. § 1201 and is equally liable on the debt. The debt is not a consumer debt and, therefore, the Bank is informed and believes that the debt is not subject to the co-debtor stay. Consequently, the Bank is informed and believes that any proposed payment under the Plan to the Bank on Claim No. 10 should provide

for payment of the debt in full in accordance with the terms of the loan documents, to include contractual interest of 6.25% plus any and all arrears. In addition, the Bank is informed and believes that the Plan should include a provision which would allow the Bank relief from any applicable co-debtor stay in the event the Plan does not provide for payment in full of principal and interest.

(2)     **Claim Nos. 11, 14, 17, and 18**: The Bank Objects to Section III(b)(2)(iii) of the Plan – *Other Secured Debts* - in the following particulars:

  a. Claim No. 11:  The Bank objects to the Debtor's proposed payment under the Plan on Claim No. 11 because it fails to provide for payment of the claim in full.  As evidenced by the loan documents attached to the claim, the obligation that is the subject of Claim No. 11 belongs to both the Debtor and his wife, Nancy P. Ollis.  Accordingly, Debtor's wife is a co-debtor within the meaning of 11 U.S.C. § 1201 and is equally liable on the debt.  The debt is not a consumer debt and, therefore, the Bank is informed and believes that it is not subject to the co-debtor stay.  Consequently, the Bank is informed and believes that the payment to the Bank on Claim No. 11 under the Plan should be for the full amount of the debt in accordance with the terms of the loan documents, to include contractual interest at 5% plus any and all arrears.  In addition, the Bank is informed and believes that the Plan should include a provision which would allow the Bank relief from any applicable co-debtor stay in the event the Plan does not provide for payment in full of principal and interest.

  b. Claim No. 14:  While the Plan provides that the Bank will be paid the contractual monthly payment of $748.38 by the Debtor's wife as the co-debtor on the loan outside the Plan, the Plan fails to provide when payments will commence or how he intends to cure the default.  In addition, the Plan makes no provision for payment of interest as set forth in the loan documents.  Upon information and belief, all consideration from the loan subject to Claim No. 14 was paid to Nancy P. Ollis, the co-debtor on the loan, or applied for her exclusive benefit.  The Bank is informed and believes that the debt is not subject to the co-debtor stay.  The total amount of Claim No. 14 as of the date of the bankruptcy filing is $28,091.35.  No payments have been received since August 2018.  Any payment to the Bank on Claim No. 14 should provide for payment of the debt in full in accordance with the terms of the loan documents, to include contractual interest at 2.74% plus any and all arrears.  In addition, the Bank is informed and believes that the Plan should include a provision which would allow the Bank relief from any applicable co-debtor stay in the event the Plan does not provide for payment in full of principal and interest.

  c. Claim No. 17:  While the Plan provides that the Bank will be paid the contractual monthly payment of $739.52 by the Debtor's wife as the co-debtor

on the loan outside the Plan, the Debtor fails to provide when payments will commence or how he intends to cure the default. In addition, the Plan makes no provision for payment of interest as set forth in the loan documents. The debt which is the subject of Claim No. 17 is not a consumer debt and, therefore, the Bank is informed and believes that it is not subject to the co-debtor stay. The total amount of Claim No. 17 as of the date of the bankruptcy filing is $79,789.02. No payments have been received since June 2018. Any payment to the Bank on Claim No. 17 should provide for payment of the debt in full in accordance with the terms of the loan documents, to include contractual interest at 7.35% plus any and all arrears. In addition, the Bank is informed and believes that the Plan should include a provision which would allow the Bank relief from any applicable co-debtor stay in the event the Plan does not provide for payment in full of principal and interest.

d. Claim No. 18: While the Plan provides that the Bank will be paid the contractual monthly payment of $718.08 by the Debtor's wife as the co-debtor on the loan outside the Plan, the Debtor fails to provide when payments will commence or how he intends to cure the default. In addition, the Plan makes no provision for payment of interest as set forth in the loan documents. Upon information and belief, the debt which is the subject of Claim No. 18 is not a consumer debt and, therefore, the Bank is informed and believes that it is not subject to the co-debtor stay. The total amount of Claim No. 18 as of the date of the bankruptcy filing is $127,959.78. No payments have been received since July 2018. Any payment to the Bank on Claim No. 18 should provide for payment of the debt in full in accordance with the terms of the loan documents, to include contractual interest at 3.95% plus any and all arrears. In addition, the Bank is informed and believes that the Plan should include a provision which would allow the Bank relief from any applicable co-debtor stay in the event of default and/or to the extent necessary to collect any deficiency amounts.

(3) **Claim Nos. 12, 13, and 15**: The Bank Objects to Section III(b)(2)(i)[sic] of the Plan – *Surrender of Collateral* – for failing to pay Claim Nos. 12, 13, and 15 in full. While the Bank is agreeable to accept the surrender of the vehicles which serve as collateral for these Claims, the obligations which are the subject of Claim Nos. 12, 13, and 15 are obligations of both the Debtor and his wife, Nancy P. Ollis. The Bank is not agreeable to waive any rights it has the co-debtor and is informed and believes that the Plan should include a provision which would allow it relief from any applicable co-debtor stay to the extent necessary to collect any deficiency.

## **FEASIBILITY**

(4) The Bank objects to the Plan because it is not feasible and is in violation of 11 U.S.C. § 1225(a)(6). Pursuant to the Debtor's Schedules, his wife, Nancy P. Ollis, earns a net monthly income of $7,188.96, for an estimated annual net income of $86,267.52. The Plan, however, proposes to use $54,000.00 of the wife's income to fund the Plan, which leaves the

wife with approximately $32,267.52 of disposable income a year, or $2,688.96 a month. Yet, the Plan also provides that the Debtor's wife, as the co-obligor on numerous loans, make the contractual monthly payments due and owing to various secured creditors outside the Plan, the lump sum of which exceeds $3,443.30 and is more than the wife's disposable monthly income.

## **GENERAL OBJECTIONS**

(5)  The Bank objects to the confirmation of the Plan in general, as it fails to comply with the provisions of Chapter 12 as required by 11 U.S.C. § 1225(a)(1).

(6)  The Bank objects to the Plan on additional grounds that it has not been proposed in good faith as required by 11 U.S.C. § 1225(a)(3). Specifically, the Debtor proposes and projects administrative claims in the amount of $85,212.52 to be paid from funds that would otherwise go to unsecured creditors. The Debtor's counsel, however, projects attorney's fees for services rendered to the Debtor in connection with the bankruptcy to not exceed $15,000.00. No explanation as to what constitutes the remaining $70,000.00 in administrative claims has been provided. In addition, the Plan contemplates the Debtor keeping and maintaining two residences while the unsecured creditors receive less than 1% return on their claims.

(7)  The Bank further objects to the confirmation of the Plan because it proposes that the unsecured creditors be paid less than what they would otherwise receive under a liquidation of the Debtor's non-exempt, unencumbered or under encumbered assets in violation of 11 U.S.C. § 1225(a)(4).

(8)  The Bank reserves the right to raise further objections at the time of the hearing on this matter.

WHEREFORE, Bank prays that this Court deny confirmation of the Debtor's Plan, and for such other and further relief as the Court may deem just and proper.

/s/ Ella S. Barbery
James H. Cassidy
(SC Bar No. 1160, Federal ID No. 73)
Ella S. Barbery
(SC Bar No. 70677, Federal ID No. 9924)
ROE CASSIDY COATES & PRICE, P.A.
Post Office Box l0529
Greenville, SC  29603
Phone:  (864) 349-2600
Email:  jcassidy@roecassidy.com
       ebarbery@roecassidy.com
***Attorneys for The Commercial Bank***

December 27, 2018
Greenville, South Carolina

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing *Objection to Confirmation of Debtor's Chapter 12 Plan* was served by electronic notification on those parties registered with the United States Bankruptcy Court, District of South Carolina ECF system to receive notice for this case, and via USPS on the parties set forth below:

James Edwin Ollis
2450 Garden Road
Ware Shoals, SC 29692

Alecia T. Compton
109A Oak Avenue
Greenwood, SC 29646
*Attorney for Debtor*

J. Kershaw Spong
P.O. Box 11449
Columbia, SC 29211-1449
*Chapter 12 Trustee*

                                    _____
                                    Lauren Alewine, Paralegal to
                                    Ella S. Barbery
                                    (SC Bar No. 70677, Federal ID No. 9924)
                                    ROE CASSIDY COATES & PRICE, P.A.

Greenville, South Carolina
December 27, 2018