# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: ) | |
| ) | Case N. 18-04549-hb |
| James Edwin Ollis, ) | Chapter 12 |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |

## OBJECTION TO CONFIRMATION OF PLAN

Tim Kalliainen objects to confirmation of Debtor's Chapter 12 Plan and would respectfully show the Court:

1. The Plan should not be confirmed because it fails to comply with the provisions of Chapter 12, as required by §1225(a)(1) of the Bankruptcy Code.

2. The Plan should not be confirmed because the debts exceed the aggregate debt limit set forth in §101(18). Proofs of claim totaling at least $3,890,866.23 have been filed in the case. In addition, Debtor had scheduled and/or admitted to additional debts owed to McCoy Lumber, Solvi West, Anthony Thompson, Elan Financial, Pedro Arguedas, and UCBI, totaling an additional $1,535,910.66, resulting in total aggregate debt of $5,426,776.89, in excess of the aggregate debt limit.

3. The Plan should not be confirmed because it has not been proposed in good faith. Debtor omitted a number of creditors from its schedules and, despite indicating that schedules would be amended to include such creditors, failed to do so. This creditor is further informed and believes that a number of pieces of farm equipment possessed and used by Debtor in the farming operations has not been scheduled.

4. The Plan should not be confirmed because all cattle has been repossessed from Debtor, and Debtor has no more cattle after having obtained loans from various individuals in amounts in excess of $3,000,000.00 for the express purpose of purchasing cattle, which cattle were purported to be a substantial portion of Debtor's farming operations and income.

5. The Plan should not be confirmed because, upon information and belief, unsecured creditors will receive less than the value they would receive upon a liquidation.

6. The Plan should not be confirmed because Debtor retains his various properties while unsecured creditors are proposed to receive approximately 1% of their claims.

7. The Plan should not be confirmed because, with the loss of the cattle and the secured claim(s) against remaining assets, Debtor will be unable to make the payments under the Plan and otherwise comply with its terms. Debtor's projected disposable income for the term of the Plan is now uncertain and at issue.

8. The Plan should not be confirmed because the Plan is not feasible.

9. Creditor reserves the right to make additional objections at the hearing in this matter.

WHEREFORE, Timothy Kalliainen prays that the Court deny confirmation of the Chapter 12 Plan proposed by Debtor, and for such other and further relief as to the Court seems just and proper.

s/ Craig H. Allen
Craig H. Allen (ID# 1034)
CRAIG H. ALLEN, P.A.
P.O. Box 10854
Greenville, SC 29603
Telephone 864-239-0444
Fax 864-239-0098
craig@craigallenlaw.com

Attorney for Tim Kalliainen

Greenville, SC
December 27, 2018

CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing *Objection to Confirmation of Plan* was served by electronic notification on those parties registered with the United States Bankruptcy Court, District of South Carolina ECT system to receive notice for this case, and via USPS on the parties on the attached mailing matrix:

James Edwin Ollis
2450 Garden Road
Ware Shoals, SC  29692
*Via USPS*

Alecia J. Compton
Attorney for James Edwin Ollis
*Via CM/ECF*

J. Kershaw Spong
Chapter 12 Trustee
*Via CM/ECT*

United States Trustee
District of South Carolina
*Via CM/ECF*

    s/ Craig H. Allen
    Craig H. Allen (ID# 1034)
    CRAIG H. ALLEN, P.A.
    P.O. Box 10854
    Greenville, SC 29603
    Telephone 864-239-0444
    Fax 864-239-0098
    craig@craigallenlaw.com

    Attorney for Tim Kalliainen

Greenville, SC
December 27, 2018