## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 18-04549-HB |
| James Edwin Ollis, | Chapter 12 |
| Debtor(s). | **ORDER** |

**THIS MATTER** came before the Court for hearing on January 15, 2019, on the *Motion for Declaration that the Stay is Not Applicable or, in the Alternative, Relief from Stay* filed by Wells Fargo Financial Leasing, Inc. ("WFFL").[1]  Debtor James Edwin Ollis filed an Objection to the Motion and testified at the hearing.  After consideration of the evidence and testimony presented, the parties' arguments, and applicable law, the Court enters the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a)(1).[2]

### FACTS

1.      Debtor is a farmer and the sole member of J. Ollis Farms, LLC (the "LLC").

2.      In April 2014, the LLC purchased a Bobcat Skid Steer Loader.  General Electric Capital Corporation financed this purchase with a loan to the LLC and Debtor personally guaranteed the loan.

3.      In July 2014, the LLC purchased a Bobcat Mini Excavator Compact.  General Electric Capital Corporation financed this purchase with a loan to the LLC, and Debtor personally guaranteed the loan.[3]

---

[1] ECF No. 86, filed Dec. 4, 2018.
[2] Made applicable to this contested matter pursuant to Fed. R. Bankr. P. 7052 and 9014.
[3] The Bobcat Skid Steer Loader and Bobcat Mini Excavator Compact are collectively referred to as the "Equipment."

4.     In March 2016, General Electric Capital assigned its rights under these loans to WFFL.

5.     Debtor's 2016 and 2017 tax returns include a Schedule F to report the LLC's income and expenses, which include a "Depreciation and Amortization Report" listing equipment owned by the LLC, and the Equipment at issue here is included on that list.

6.     Debtor filed for relief pursuant to Chapter 12 of the United States Bankruptcy Code on September 4, 2018.

7.     Debtor's Amended Schedule A/B[4] lists Debtor's 100% ownership interest in the LLC with a directive to refer to the "list of corporate equipment" attached to the schedules.  The attached list includes the Equipment at issue here and is titled "List of Secured Corporate Debt with Personal Guarantees."

8.     Debtor's Schedule E/F lists WFFL as an unsecured creditor and references the personal guaranties.[5]

9.     On November 7, 2018, WFFL filed an unsecured proof of claim in the amount of $15,973.53, as a result of the personal guaranties.[6]

10.     On December 3, 2018, Debtor filed a Chapter 12 plan that treats WFFL's claim as secured and proposes pay it in full in 60 monthly installments with 0% interest.

11.     Debtor's testimony at the hearing did not include any credible evidence to convince the Court that Debtor or the bankruptcy estate owns of the Equipment.

12.     The obligations owed to WFFL are in default due to the failure to make monthly contractual payments.

---

[4] ECF No. 37, filed Oct. 29, 2018.
[5] ECF No. 8, filed Sept. 17, 2018.
[6] POC No. 32-1

## DISCUSSION

WFFL asserts the automatic stay does not extend to the Equipment because it is owned by the LLC and is not property of this bankruptcy estate covered by the automatic stay. In the alternative, if the Equipment is property of the estate or protected by the stay, WFFL asserts it is entitled to relief for cause under 11 U.S.C. § 362(d)(1). Debtor contends the personal guaranties render the automatic stay applicable and the stay should not be lifted because the Equipment is necessary for the Debtor's successful Chapter 12 reorganization.

In a similar case, Chapter 13 debtors were members of an LLC and the LLC borrowed funds from a creditor to purchase a truck, with the loan secured by the truck. *In re Brittain*, 435 B.R. 318, 320 (Bankr. D.S.C. 2010). Both debtors executed personal guaranties and the LLC defaulted on the loan prepetition. *Id.* The debtors' Chapter 13 plan proposed that the debt be paid through their plan and the creditor objected to confirmation. *Id.* Judge Waites found that

> "[u]nder South Carolina law, a corporation is an entity, separate and distinct from its officers and stockholders." *In re Jones,* C/A No. 10-00724-jw, slip op. at 4 (Bankr. D.S.C. Mar. 31, 2010) (citing *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.,* 540 F.2d 681, 683 (4th Cir. 1976)); *see also,* S.C. Code Ann. § 33-44-201 (2009) ("A limited liability company is a legal entity distinct from its members."). The members of an LLC "have no property interest in property owned by [the LLC]." Comment to S.C. Code Ann. § 33-44-501. Instead, a member holds a distributional interest in the LLC. S.C. Code Ann. § 33–44–501. **It follows that a member's bankruptcy estate has no interest in property of an LLC and that the estate's property interest is limited to the member's distributional interest**. *See In re Moore*, 410 B.R. at 442 ("[A]lthough the debtor's interest in a corporation becomes property of the estate when a bankruptcy petition is filed, the corporation's property does not thereby become property of the shareholder's estate.").

*Id.* at 322 (emphasis added) (internal footnotes omitted).

Like *Brittain*, the record here clearly indicates that the Equipment is property of the LLC and not the Debtor. After reviewing §§ 362, 541, and 1207, the Court cannot find any language therein, and Debtor failed to call the Court's attention to any language or applicable authority, that justifies the inclusion of the Equipment as property of Debtor's bankruptcy estate or extends the automatic stay to the Equipment based on this record

**IT IS, THEREFORE, ORDERED** that the automatic stay under 11 U.S.C. § 362(a) is inapplicable to the Equipment described herein.

**FILED BY THE COURT**
**01/16/2019**



US Bankruptcy Judge
District of South Carolina

Entered: 01/16/2019